

**Lackenbach**
INTELLECTUAL PROPERTY
ATTORNEYS SINCE 1923 **Siegel, LLP**

WRITER'S DIRECT DIAL
(914) 723-4394
rgolden@lsllp.com

October 27, 2010

<u>Via ECF</u>

Honorable Judge Joanna Seybert
United States District Court, Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza
Central Islip, NY 11722

> Re: *Wayne Lederer v. Newmatic Sound Systems, Inc.*
> **Case No. 10-cv-0271-JS-AKT**
>
> **Defendant's Pending Motion to Stay this Action Pending Reexamination**
> **of the Patent in Suit**

Dear Judge Seybert:

We represent the Defendant in the above-referenced action. The Request for Reexamination referenced in Defendant's fully-briefed and pending Motion to Stay has been granted by the Patent and Trademark Office (PTO). The PTO determined that Defendant's Request, which was based on prior art not previously considered by the PTO, raised "substantial new questions of patentability" as to all of the claims of Plaintiff's patent. A copy of the PTO Order Granting Reexamination is attached for the Court's reference. As detailed in Defendant's moving papers, based on historical results at the PTO, there is a 76% chance that one or more of the claims in Plaintiff's patent will be cancelled or amended as a result of the reexamination.

Accordingly, Defendant respectfully suggests that Defendant's pending motion is ripe for determination and that a Stay of the proceeding in favor of the now granted PTO Reexamination is appropriate.

Very truly yours,

**LACKENBACH SIEGEL**

Robert B. Golden

RBG/ns
cc: Edmond Bannon, Esq. and Mark. L. Manewitz, Esq.



## UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/011,133 | 08/03/2010 | 7609844 | 01307.L2 | 8360 |

26211        7590        10/25/2010

FISH & RICHARDSON P.C. (NY)
P.O. BOX 1022
MINNEAPOLIS, MN  55440-1022

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 10/25/2010

Please find below and/or attached an Office communication concerning this application or proceeding.

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**MAILED**

**OCT 2 5 2010**

**CENTRAL REEXAMINATION UNIT**

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

STAINBROOK & STAINBROOK, LLP

412 AVIATION BOULEVARD

SUITE H

SANTA ROSA, CA 95403

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/011,133*.

PATENT NO. *7609844*.

ART UNIT *3992*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/011,133 | 7609844 |
| | Examiner | Art Unit | |
| | SCOTT L. WEAVER | 3992 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>03 August 2010</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO/SB/08,   c)☒ Other: <u>*Decision on Request*</u>

1. ☒   The request for *ex parte* reexamination is GRANTED.

      RESPONSE TIMES ARE SET AS FOLLOWS:

For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

This decision is not appealable (35 U.S.C. 303(c)).  Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)).  **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181  ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE  REGULATIONS UNDER 37 CFR 1.183.**

In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

    a) ☐ by Treasury check or,

    b) ☐ by credit to Deposit Account No. _____,  or

    c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )

Application/Control Number: 90/011,133                                     Page 2
Art Unit: 3992

### *Decision on Request for Ex Parte Reexamination*

Reexamination has been requested for Claims 1-8 of the U.S. Pat. No. 7,609,844 (the '844 patent) to Lederer (Exhibit A) which issued on October 27, 2009.

The application on which the '844 patent is based was filed on September 7, 2007, as a divisional application of application No. 10/723,774, which was filed on November 26, 2003.

The parent 10/723,774, application matured into U.S. Pat. No. 7,292,704 and claimed priority to U.S. provisional application No. 60/514,796, filed on October, 27, 2003, provisional application No. 60/514,802, filed October 27, 2003, provisional application No. 60/515,041, filed October 28, 2003, and provisional application no. 60/516,482, filed October 31, 2003.

A substantial new question of patentability affecting claims 1-8 of United States Patent Number 7, 609, 844 to Lederer is raised by the request for reexamination filed on August 3, 2010 for the reasons set forth below.

### *Right to Waive Patent Owner Statement*

**Where the patent owner has determined that a statement under 37 CFR 1.530 will not be filed, the patent owner may expedite the reexamination proceeding by filing a paper that indicates that the patent owner waives the filing of a statement under 37 CFR 1.530 and serving the waiver on the requester, if any. This will permit reexamination of the proceeding to proceed pursuant to 37 CFR 1.550(a).**

### *Substantial New Question of Patentability*

For "a substantial new question of patentability'" (SNQ) to be present, it is only necessary that:

A. The prior art patents and or printed publications raise a substantial question of patentability regarding at least one claim, i.e., the teaching of the prior art patents and printed publications is such that a reasonable examiner would consider the teaching to be important in deciding whether or not the claim is patentable; it is not necessary that the prior art establish a prima facie case of unpatentability; and

B. The same question of patentability as to the claim has not been decided by the Office in a previous examination or pending reexamination of the patent or in a final holding of invalidity by the Federal Courts in a decision on the merits involving the claim.

For any reexamination ordered on or after November 2, 2002, reliance on previously Cited/considered art, i.e., "'old art, "" does not necessarily preclude the existence of a substantial new question of patentability (SNQ) that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis. See MPEP 2642.

Application/Control Number: 90/011,133                                    Page 3
Art Unit: 3992

### *Prior Art Relied on in the Request*

The Request identifies the following documents as allegedly raising a substantial new question of patentability (SNQ) for original claims 1-8 of United States Patent 7,609,844.

B. The Newmatic Sound Systems Product Description and Pricing Guide for calendar year 2000 and a page from the Newmatic Sound Systems on-line catalog for 2001 Exhibit B.

C. U.S. Pat. No. 4,864,610, to Stevens, Exhibit C.

D. U.S. Pat. No. 5,613,222, to Guenther, Exhibit D.

E. U.S. Pat. No. 5,277,184, to Messana, Exhibit E.

F. U.S. Pat. No. 4,933,981, to Lederer, Exhibit F.

G. U.S. Pat. No. 4,347,911, to Bertagna et al, as Exhibit G.

H. U.S. Pat. No. 3,667,569, to Mackey et al Exhibit H.

I. U.S. Pat. No. 4,554,993, to Houng, Exhibit I;

J. U.S. Pat. No. 5,577,504, to Salloway et al, Exhibit J.


### The Request Identifies 27 Issues as raising a Substantial New Question

Issue 1
A. A substantial new question of patentability as to Claim 1 is raised by the year 2000 Newmatic Sound Systems Product Description (the 2000 NSS Brochure), in view of Stevens (U.S. Pat. No. 4,864,610).

Issue 2
B. A substantial new question of patentability as to Claim 1 is raised by the 2000 NSS Brochure, in view of Guenther (U.S. Pat. No. 5,613,222) .

Issue 3
C. A substantial new question of patentability as to Claims 2-3 is raised by the 2000 NSS Brochure, in view of Messana (U.S. Pat. No. 5,277,184), and further in view of Stevens '610

Issue 4
D. A substantial new question of patentability as to Claims 2-3 is raised by the 2000 NSS Brochure, in view of Messana '184, and further in view of Guenther (U.S. Pat. No 5,613,222)

Application/Control Number: 90/011,133                                    Page 4
Art Unit: 3992

Issue 5
E. A substantial new question of patentability as to Claims 1-3 is raised by Lederer (U.S. Pat.
No. 4,933,981) in view of Bertagna et al (U.S. Pat. No. 4,347,911), and further in view of
Stevens '610

Issue 6
F. A substantial new question of patentability as to Claims 1-3 is raised by Lederer '981 in view
of Bertagna '911, and further in view of Guenther '222 (U.S. Pat. No 4,864,610)

Issue 7
G. A substantial new question of patentability is raised as to Claims 1-3 by Lederer '981 in view
of Houng (U.S. Pat. No. 4,554,993) and further in view of Stevens '610

Issue 8
H. A substantial new question of patentability as to Claims 1-3 is raised by Lederer '981 in view
of Houng '993 and further in view of Guenther '222

Issue 9
I. A substantial new question of patentability as to Claims 1-3 is raised by Lederer '981 in view
of Mackey et al (U.S. Pat. No. 3,667,569), and further in view of Stevens '610

Issue 10
J. A substantial new question of patentability as to Claims 1-3 is raised by Lederer '981 in view
of Mackey '569, and further in view of Guenther '222

Issue 11
K. A substantial new question of patentability as to Claim 4 is raised by the 2000 NSS Brochure,
in view of Stevens '610, and further in view of Salloway, et al (U.S. Pat. No. 5,577,504)

Issue 12
L. A substantial new question of patentability as to Claim 4 is raised by the 2000 NSS Brochure,
in view of Guenther '222, and further in view of Salloway '504

Issue 13
M. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Bertagna '911, and further in view of Stevens '610 and Salloway (U.S. Pat. No 5,577,504)

Issue 14
N. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Bertagna '911, and further in view of Guenther '222 and Salloway '504

Issue 15
O. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Houng '993, and further in view Stevens '610 and Salloway '504

Application/Control Number: 90/011,133                                        Page 5
Art Unit: 3992

Issue 16
P. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Houng '993, and further in view Guenther '222 and Salloway '504

Issue 17
Q. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Mackey '569, and further in view of Stevens '610 and Salloway '504

Issue 18
R. A substantial new question of patentability as to Claim 4 is raised by Lederer '981 in view of
Mackey '569, and further in view of Guenther '222 and Salloway '504

Issue 19
S. A substantial new question of patentability as to Claims 5-6 is raised by the 2000 NSS
Brochure

Issue 20
T. A substantial new question of patentability as to Claim 7 is raised by the 2000 NSS Brochure,
in view of Messana '184

Issue 21
U. A substantial new question of patentability as to Claims 5-7 is raised by Lederer '981 in view
of Bertagna '911

Issue 22
V. A substantial new question of patentability as to Claims 5-7 is raised by Lederer '981 in view
of Houng '993

Issue 23
W. A substantial new question of patentability as to Claims 5-7 is raised by Lederer '981 in view
of Mackey '569

Issue 24
X. A substantial new question of patentability as to Claim 8 is raised by the 2000 NSS Brochure
in view of Salloway '504

Issue 25
Y. A substantial new question of patentability as to Claim 8 is raised by Lederer '981 in view of
Bertagna '911, and further in view of Salloway '504

Issue 26
Z. A substantial new question of patentability as to Claim 8 is raised by Lederer '981 in view of
Houng '993, and further in view of Salloway '504

Application/Control Number: 90/011,133                                    Page 6
Art Unit: 3992

Issue 27
AA. A substantial new question of patentability as to Claim 8 is raised by Lederer '981 in view
of Mackey '569, and further in view of Salloway '504

### Summary of the '844 Patent

The application on which the '844 patent is based was filed on September 7, 2007, as a divisional
application of application No. 10/723,774, which was filed on November 26, 2003.

The '844 patent discloses a stethoscope type headset for use in a magnetic environment, for
example an MRI, and thus includes a pneumatic tubing coupling a transducer to a pneumatic port
which port enables audio to be transmitted to the wearer of such headset when inserted into the
ear.

The term "pneumatic port" is recited in the '844 specification and is shown in the drawings as
element 106 in the figures, and its structure is textually described as follows:

> The pneumatic port 106 may be in the form of a hollow tube and disposed within the ear
> insert hole 204. The pneumatic port 106 can provide coupling of sound to the ear canal
> without substantially disturbing the contact between the ear insert and ear canal walls.
> [Col. 2, lines 60-63.]

The functions of the pneumatic port is set out in the independent claims themselves, which recite
that the pneumatic port is disposed in the hole in the ear insert to receive audible sound waves
and couple the sound waves to the ear canal. The pneumatic port is a hollow tube disposed in a
through hole in an ear insert and mechanically connected to the pneumatic tubes of a headset to
acoustically couple sound from a non-magnetic transducer to the wearer's ear.



FIG. 4

FIG. 2

The ' 844 specification includes disclosure of structures that may support and connect the pneumatic port to the pneumatic tubes. However, neither the adapter nor any other connection structure or arrangement is set out in the claims. For instance, the specification recites that:

> An adapter 104 may be used to support the pneumatic port and can couple the port to pneumatic tubing 110. [Col. 2, lines 47-50]

> The adapter 104 may be used to couple the pneumatic port 106 to the pneumatic tube 110. In an implementation, the adapter may have a conical opening 206 to help guide the pneumatic port 106 into the pneumatic tube 110. The adapter may comprise a gasket 202 such as an O-ring disposed in the adapter to support, retain or help seal the pneumatic port 106 in the adapter 104. [Col. 2, line 66 - col. 3, line 5]

> The adapter 506 may be used to couple the pneumatic port 106 to the pneumatic tube 404. In an implementation, the adapter may have a conical opening on a first end 508 to help guide and support the pneumatic port 106 into a yoke connector 502. The adapter may comprise a gasket 510 such as an O-ring disposed in the adapter to support, retain or help seal the pneumatic port 106 in the adapter 506. A second end of the adapter 506 is sized to fit snugly into a first end of the yoke connector 502 so as to reduce sound losses in the connection. Other connection arrangements may be used. [Col. 4, lines 1-12.]

Application/Control Number: 90/011,133                                    Page 8
Art Unit: 3992

### *Prosecution History of the '844 Patent*

The originally filed application included 34 claims, of which claims 1-20 and 25-34 were canceled and new claims 35-38 were added in a preliminary amendment filed concurrently with the application. Claim 21, as later amended, issued as Claim 1, and Claim 35, as later amended, issued as independent claim 5.

Claims 21-24 and 35-38 were rejected by the examiner based on 35 U.S.C. § 103(a) as being unpatentable over Orten (U.S. Pat. No. 6,741,719) in view of Harley (U.S. Pat. No. 5,539,831). The '719 patent to Orten discloses an electronic stethoscope. The '831 patent to Harley describes an electronic active noise control stethoscope.

In response to the rejections, Patentee amended each of claims 21 and 35 to recite that the stethoscope yoke of the claimed magnetically inert headset included "pneumatic tubing acoustically coupled to both the pneumatic port and a non-magnetic transducer" to couple the audible sound waves from the non-magnetic transducer [emphasis added]. The Patentee argued that claims 21 and 35 distinguished over the cited art because it would not have been obvious to include pneumatic tubing in either of the electronic devices described in the references.

A second office action on May 15, 2009 included a rejection of the claims on basis of U.S. Pat. No. 3,790,712 to Andries, U.S. Pat. No 3,730,290 to Scanlon, U.S. Pat. No. 5,539,831 to Harley, and U.S. Pat. No. 6,741,719 to Orten.

In response to the rejection the Patentee argued the independent claims as then presented distinguished over the art by reciting a "'**magnetically inert headset' that includes a 'stethoscope-type yoke,' an 'ear insert having a through-hole,' a 'pneumatic port disposed in the ear insert to receive audible sound waves,' and 'pneumatic tubing acoustically coupled to both the pneumatic port and a non-magnetic transducer.'**" [Patentee's, "Amendment in Reply to Action of May 15, 2009," p. 3, line 27 to p. 4, line 2; emphasis in the original.]

The Patentee further argued that none of the references teach or render obvious "**a 'pneumatic port' disposed in a through-hole of an ear insert to receive audible sound waves from 'pneumatic tubing acoustically coupled to the pneumatic port**.'" [Id. at p. 4, line 25, through p. 5, line 2; emphasis in original.]

An interview followed and a Notice of Allowance was mailed on August 24, 2009. The reasons for allowance with respect to the art relied on were indicated as:

> "A magnetically inert headset comprising: *an ear insert having a through-hole* and adapted to fit into an ear canal; *a pneumatic port disposed in the hole* in the ear insert to receive audible sound waves and couple the sound waves to the ear canal; a non-magnetic microphone coupled to the headset; and *a stethoscope-type yoke, wherein the yoke includes pneumatic tubing acoustically coupled to* both *the pneumatic port* and a non-

Application/Control Number: 90/011,133                                      Page 9
Art Unit: 3992

> magnetic transducer to couple the audible sound waves from the non-magnetic
> transducer.
>
> *As per our interview, in this way, the through-hole in the ear insert is not directly
> coupled to the pneumatic tubing. Instead, there is a port disposed between the hole and
> the tubing.*

The Patentee further commented in a post allowance communication on 9/14/2009 in response to
the reasons for allowance :

> The Examiner's allowance of the claims is appreciated. The Applicant submits the
> following comments concerning the Examiner's Reasons for Allowance cited in the
> Notice of Allowability. It is the subject matter of each claim as a whole that is patentable,
> not any particular feature recited in the claim(s). The Applicant does not concede that the
> reasons for allowance given by the Examiner are the only reasons that make the claims
> allowable and does not make any admission or concession concerning the Examiner's
> statement.

Claim 1 reads as follows:

1. A magnetically inert headset comprising: an **ear insert** having a **through-hole** and adapted to
fit into an ear canal; a **pneumatic port disposed in the hole in the ear insert** to receive audible
sound waves and couple the sound waves to the ear canal; a **non-magnetic microphone** coupled
to the headset; and a **stethoscope-type yoke**, wherein the yoke includes **pneumatic tubing
acoustically coupled to both the pneumatic port and a non-magnetic transducer** to couple
the audible sound waves from the non-magnetic transducer.

Independent Claim 5 lacks recitation of the microphone of independent claim 1.

Application/Control Number: 90/011,133                                              Page 10
Art Unit: 3992

### *Discussion of Issues Raised in the Request*

The substantial new Questions of patentability are grouped based on two primary references.

**Issues 1-4, 11-12, 19-20, and 24** identified in the request as (A, B, C, D, K, L, S, T, and X) rely on Newmatic (NSS) as the Primary reference.

> **B. The Newmatic Sound Systems Product Description and Pricing Guide for calendar year 2000 and a page from the Newmatic Sound Systems on-line catalog for 2001 Exhibit B (NSS).**

**Issue 19**

The request alleges that NSS raises an SNQ with respect to claims 5-6 of the '844 Patent.

It <u>is agreed</u> that NSS raises an SNQ with respect to claims 5-6 of the '844 Patent (Issue 19).

NSS was not present or considered by the Examiner during the original examination of the '844 patent and a reasonable Examiner would consider that the teachings in the NSS reference are important in determining whether or not claims 5-6 were patentable.

An Examiner would consider **NSS** new, important, and non-cumulative prior art because NSS **describes** a "completely pneumatic" stethoscope type head set (FEHPS).

The Foam Ear Piece Head Set (FEPHS), shown on page 12 and is described on page 13 as follows: "Stethoscope style headset with disposable foam ear tips. Lightweight and flexible, fits easily into any head coil. Fits adults and children alike. Completely pneumatic."

The FEPHS includes a pneumatic port (an acoustic horn) including a tube which has a tube disposed at its upper end in the hole in the ear insert to receive sound waves in order to couple the sound waves to the ear canal.

NSS describes Newmatic Sound Systems products including four sound systems to be used in MRI environments. Each system is described as using a "nonferrous" transducer on pages 8-9 of the brochure.

The photograph at page 12 of the 2000 NSS Brochure shows a magnetically inert headset (the "FEPHS" headset) that includes an ear insert having a through-hole (the foam ear tip inherently has a through-hole in order for the wearer to utilize the sound systems as described);

a pneumatic port (the horn extending from the foam ear tip extends outwardly from the user's ear and curves downwardly) disposed in the hole in the ear insert to receive audible sound waves and couple the sound waves to the ear canal

Application/Control Number: 90/011,133                                    Page 11
Art Unit: 3992

a stethoscope-type yoke , wherein the yoke includes pneumatic tubing acoustically coupled to both the pneumatic port (the horn) and a non-magnetic transducer (the sound system) to couple the audible sound waves from the non-magnetic transducer

Given the above teachings, there is a substantial likelihood that a reasonable examiner would consider the teachings important in deciding the patentability of claims 5-6 during prosecution of the application which became the '844 patent.

NSS has not been previously considered. The features of NSS discussed herein are not cumulative to any written discussion on the record of the features of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts. The NSS Reference was not before the examiner during prosecution of the application which became the '844 patent. Accordingly, NSS raises a substantial new question of patentability as to claims 5-6 of the '844 patent to Lederer.

**Issue 1**
The request alleges that the combination of NSS and the '610 patent raise an SNQ with respect to claim 1 of the '844 Patent.

It is agreed that the combination of NSS and the '610 patent raises an SNQ with respect to claim 1 of the '844 Patent.

The combination of NSS and the '610 patent was not present or considered by the Examiner during the original examination of the '844 patent and a reasonable Examiner would consider that the combination of NSS and the '610 patent teachings are important in determining whether or not claim 1 is patentable.

An Examiner would consider the combination of NSS and the '610 patent new, important, and non-cumulative prior art because NSS discloses a "completely pneumatic" stethoscope type head set (FEHPS) as described above with respect to issue 19 but does not disclose a non-magnetic microphone.

The Stevens '610 patent describes an earpiece for a pneumatic headset, and also teaches acoustically connecting a pneumatic microphone to the headset. [See Stevens, FIGS. 1-2, col. 3, lines 1-2.]

The combination as such raises an SNQ for the same reasons as noted above with respect to Issue 19.

Application/Control Number: 90/011,133                                      Page 12
Art Unit: 3992

Thus combination teaches especially relevant limitations recited by the claims of the patent,
limitations that apparently secured allowance of the claim and which were indicated not to be
taught by the applied prior art of record considered by the examiner in the original prosecution.
Given the above teachings, there is a substantial likelihood that a reasonable examiner would
consider the teachings important in deciding the patentability of claim 1 during prosecution of the
application which became the '844 patent.

The combination has not been previously considered. The features discussed herein are not
cumulative to any written discussion on the record of the features of the prior art, were not
previously considered nor addressed during a prior examination, and the same question was not
the subject of a final holding of invalidity in the Federal Courts. The combination was not before
the examiner during prosecution of the application which became the '844 patent.

Accordingly, the combination raises a substantial new question of patentability as to claim 1 of
the '844 patent.


**Issue 2**
The request alleges that NSS and the '222 patent raise an SNQ with respect to claim 1 of the
'844 Patent.

It is agreed that the combination of NSS and the '222 patent raises an SNQ with respect to claim
1 of the '844 Patent.

The combination of NSS and the '222 patent was not present or considered by the Examiner
during the original examination of the '844 patent and a reasonable Examiner would consider
that the combination of NSS and the '222 patent teachings are important in determining whether
or not claim 1 is patentable.

An Examiner would consider the combination of NSS and the '222 patent new, important, and
non-cumulative prior art because NSS discloses a "completely pneumatic" stethoscope type head
set (FEHPS) as described above with respect to issue 19 but does not disclose a non-magnetic
microphone.
The '222 patent to Guenther describes an earpiece for a pneumatic headset, and also teaches
acoustically connecting a pneumatic microphone to the headset. [See Guenther '222, FIGS. 13-
14, col. 6, lines 28-46.]
The combination as such raises an SNQ for the same reasons as noted above with respect to
Issue 19.

Thus combination teaches especially relevant limitations recited by the claims of the patent,
limitations that apparently secured allowance of the claim and which were indicated not to be
taught by the applied prior art of record considered by the examiner in the original prosecution.

Application/Control Number: 90/011,133                                    Page 13

Art Unit: 3992

Given the above teachings, there is a substantial likelihood that a reasonable examiner would consider the teachings important in deciding the patentability of claim 1during prosecution of the application which became the '844 patent.

The combination has not been previously considered. The features discussed herein are not cumulative to any written discussion on the record of the features of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts. The combination was not before the examiner during prosecution of the application which became the '844 patent.

Accordingly, the combination raises a substantial new question of patentability as to claim 1 of the '844 patent.


### Issues 3-4, 11-12, 20 and 24

Other issues alleged by the Requestor relating to NSS in combination with other cited references, specifically Issues 3-4, 11-12, 20 and 24 raise an SNQ for claims 2-3 and 7-8 for the same reasoning set forth above with respect to Issue 19.


### Issue 21

The request alleges that the combination of Lederer '981 and the '911 patent raise an SNQ with respect to claims 5-7 of the '844 Patent.

It is agreed that the combination of Lederer '981 and the '911 patent raises an SNQ with respect to claims 5-7 of the '844 Patent.

Lederer '981 expressly provides that the sound "is transferred pneumatically from the vibrating transducers to the appropriate headset, e.g., based on the bernoulli principle. Any conventional headset may be coupled to the acoustic system in the present invention, e.g., a headset disclosed in U.S. Pat. No. 4,347,911. In this regard, another feature of the present invention is a particular earpiece which can be utilized in the headset incorporated to the acoustic system herein, e.g. the headset disclosed in U.S. Pat. No. 4,347,911." [Col. 5, lines 20-30.]

Bertagna '911 discloses an acoustic plastic headset having a yoke supporting sound-transmitting horns which terminate in soft tips for insertion in a user's ears [FIGS. 1, 6; col. 1, lines 55-66; col. 2, lines 44-49]. At their upper ends, the horns 22 taper in a portion (sleeve 27) that is disposed in a through-hole in an ear insert 33 [FIGS. 1, 6; col. 3, lines 10-63], precisely as the pneumatic port 106 of the '844 patent. The other ends of the horns include shoulders 23, 24, which provide a bracket for coupling a stethoscope-type connector 13, and pneumatic tubes 40, 41 are acoustically coupled to the pneumatic ports. [Id.] FIG. 6

Application/Control Number: 90/011,133                                      Page 14
Art Unit: 3992

The combination of Lederer '981 and the '911 patent was not present or considered by the
Examiner during the original examination of the '844 patent and a reasonable Examiner would
consider that the combination of Lederer '981 and the '911 patent teachings are important in
determining whether or not claims 5-7 are patentable.

An Examiner would consider the combination of Lederer '981 and the '911 patent new,
important, and non-cumulative prior art.

Thus the combination teaches especially relevant limitations recited by the claims of the patent,
limitations that apparently secured allowance of the claim and which were indicated not to be
taught by the applied prior art of record considered by the examiner in the original prosecution.
Given the above teachings, there is a substantial likelihood that a reasonable examiner would
consider the teachings important in deciding the patentability of claim 5-7 during prosecution of
the application which became the '844 patent.

The combination has not been previously considered. The features discussed herein are not
cumulative to any written discussion on the record of the features of the prior art, were not
previously considered nor addressed during a prior examination, and the same question was not
the subject of a final holding of invalidity in the Federal Courts. The combination was not before
the examiner during prosecution of the application which became the '844 patent.

Accordingly, the combination raises a substantial new question of patentability as to claims 5-7
of the '844 patent.


**Issues 5-6, 13-14, and 25**
Other issues alleged by the Requestor relating to Lederer '981 in combination with other cited
references, specifically Issues 5-6, 13-14, and 25 raise an SNQ for claims 1-3 and 7-8 for the
same reasoning set forth above with respect to Issue 21.


**Issue 22**
The request alleges that the combination of Lederer '981 and the '993 patent raise an SNQ with
respect to claims 5-7 of the '844 Patent.

Lederer '981 is discussed above with respect to issue 21.

Houng '993 teaches a headset that includes an ear insert 9 having a through-hole [FIG. 5]
adapted to fit into an ear canal [col. 1, lines 21-24]; a pneumatic port 1 is disposed in the hole in
the ear insert to receive audible sound waves and couple the sound waves to the ear canal [FIGS.
la, 2, 5, and 6]; and a stethoscope-type yoke [FIGS. 1 a, 2], wherein the yoke includes pneumatic
tubing 7 acoustically coupled to both the pneumatic port and a transducer to couple the audible
sound waves from the non-magnetic transducer [FIGS. 1 a, 2, 6].

Application/Control Number: 90/011,133                                          Page 15
Art Unit: 3992

The combination of Lederer '981 and the '993 patent was not present or considered by the Examiner during the original examination of the '844 patent and a reasonable Examiner would consider that the combination of Lederer '981 and the '993 patent teachings are important in determining whether or not claims 5-7 are patentable.

An Examiner would consider the combination of Lederer '981 and the '993 patent new, important, and non-cumulative prior art.

Thus the combination teaches especially relevant limitations recited by the claims of the patent, limitations that apparently secured allowance of the claim and which were indicated not to be taught by the applied prior art of record considered by the examiner in the original prosecution. Given the above teachings, there is a substantial likelihood that a reasonable examiner would consider the teachings important in deciding the patentability of claim 5-7 during prosecution of the application which became the '844 patent.

The combination has not been previously considered. The features discussed herein are not cumulative to any written discussion on the record of the features of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts. The combination was not before the examiner during prosecution of the application which became the '844 patent.

Accordingly, the combination raises a substantial new question of patentability as to claims 5-7 of the '844 patent.

**Issues 7-8, 15-16, and 26**
Other issues alleged by the Requestor relating to Lederer '981 in combination with other cited references, specifically Issues 7-8, 15-16, and 26 raise an SNQ for claims 1-3 and 7-8 for the same reasoning set forth above with respect to Issue 22.

**Issue 23**
The request alleges that the combination of Lederer '981 and the '569 patent raise an SNQ with respect to claims 5-7 of the '844 Patent.

Lederer '981 is discussed above with respect to issue 21.

Mackey '569 describes a yoke that includes pneumatic tubing 12, 14 acoustically coupled to both the pneumatic port (L-shaped members 42, 44) to couple the audible sound waves from a transducer [FIGS. 1, 2, 4; col. 3, lines 8-30]. Figs. 2 and 4 are shown below.

Application/Control Number: 90/011,133                                    Page 16
Art Unit: 3992

The combination of Lederer '981 and the '569 patent was not present or considered by the Examiner during the original examination of the '844 patent and a reasonable Examiner would consider that the combination of Lederer '981 and the '569 patent teachings are important in determining whether or not claims 5-7 are patentable.

An Examiner would consider the combination of Lederer '981 and the '569 patent new, important, and non-cumulative prior art.

Thus the combination teaches especially relevant limitations recited by the claims of the patent, limitations that apparently secured allowance of the claim and which were indicated not to be taught by the applied prior art of record considered by the examiner in the original prosecution. Given the above teachings, there is a substantial likelihood that a reasonable examiner would consider the teachings important in deciding the patentability of claim 5-7 during prosecution of the application which became the '844 patent.

The combination has not been previously considered. The features discussed herein are not cumulative to any written discussion on the record of the features of the prior art, were not previously considered nor addressed during a prior examination, and the same question was not the subject of a final holding of invalidity in the Federal Courts. The combination was not before the examiner during prosecution of the application which became the '844 patent.

Accordingly, the combination raises a substantial new question of patentability as to claims 5-7 of the '844 patent.


**Issues 9-10, 17-18, and 27**
Other issues alleged by the Requestor relating to Lederer '981 in combination with other cited references, specifically Issues 9-10, 17-18, and 27 raise an SNQ for claims 1-3 and 7-8 for the same reasoning set forth above with respect to Issue 23.

Application/Control Number: 90/011,133                                   Page 17
Art Unit: 3992

## *Conclusion*

Claims 1-8 of the '844 patent will be reexamined.

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving the instant patent throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

This *ex parte* reexamination proceeding has been filed by a third party requester, or has been merged with another proceeding filed by a third party requester. Accordingly, the parties to this reexamination proceeding are reminded that, in accordance with 37 CFR 1.550(f) , any document filed by either the patent owner or the third party requester must be served on the other party in the reexamination proceeding (or parties, where two or more third party requester proceedings are merged), **in the manner provided by 37 CFR 1.248**. If the document filed with the Office does not include a proper certificate of service, the document may be refused consideration by the Office. See MPEP 2220 and 2266.03.

> 37 CFR 1.550(f) provides:
>> *"The reexamination requester will be sent copies of Office actions issued during the ex parte reexamination proceeding. After filing of a request for ex parte reexamination by a third party requester, any document filed by either the patent owner or the third party requester must be served on the other party in the reexamination proceeding in the manner provided by § 1.248. The document must reflect service or the document may be refused consideration by the Office."*

All correspondence relating to this ex parte reexamination proceeding should be directed:
By Mail to:   Mail Stop Ex Parte Reexam
              Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office
              P.O. Box 1450
              Alexandria, VA 22313-1450

By FAX to:  (571) 273-9900
            Central Reexamination Unit

By hand:    Customer Service Window
            Randolph Building
            401 Dulany Street
            Alexandria, VA 22314

Application/Control Number: 90/011,133                                    Page 18
Art Unit: 3992


Registered users of EFS-Web may alternatively submit such correspondence via the electronic
filing system EFS-Web, at https://sportal.uspto.gov/authenticate/authenticateuserlocalepf.html.
EFS-Web offers the benefit of quick submission to the particular area of the Office that needs to
act on the correspondence. Also, EFS-Web submissions are "soft scanned" (i.e., electronically
uploaded) directly into the official file for the reexamination proceeding, which offers parties the
opportunity to review the content of their submissions after the "soft scanning" process is
complete.

Any inquiry concerning this communication or earlier communications from the
examiner, or as to the status of this proceeding, should be directed to the Central Reexamination
Unit at telephone number (571) 272-7705.


/SCOTT L WEAVER/
Primary Examiner, Art Unit 3992                          Conferees:   R.C.F.

_____                                            ESK

Doc code: IDS
Doc description: Information Disclosure Statement (IDS) Filed

PTO/SB/08a (01-10)
Approved for use through 07/31/2012. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| INFORMATION DISCLOSURE STATEMENT BY APPLICANT ( Not for submission under 37 CFR 1.99) | | |
|---|---|---|
| Application Number | 11851860 |
| Filing Date | 2007-09-07 |
| First Named Inventor | Lederer, Wayne |
| Art Unit | |
| Examiner Name | Curtis Kuntz |
| Attorney Docket Number | 01307.L2 |

| U.S.PATENTS | | | | | | |
|---|---|---|---|---|---|---|
| Examiner Initial* | Cite No | Patent Number | Kind Code¹ | Issue Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
| Sw | 1 | 4864610 | | 1989-09-05 | Stevens | all |
| Sw | 2 | 5613222 | | 1997-03-18 | Guenther | all |
| Sw | 3 | 5277184 | | 1994-01-11 | Messana | all |
| Sw | 4 | 4933981 | | 1990-06-12 | Lederer | all |
| Sw | 5 | 4347911 | | 1982-09-07 | Bertagna et al. | all |
| Sw | 6 | 3667569 | | 1972-06-06 | Mackey et al. | all |
| Sw | 7 | 4554993 | | 1985-11-26 | Houng | all |
| Sw | 8 | 5577504 | | 1996-11-26 | Salloway et al | all |
| If you wish to add additional U.S. Patent citation information please click the Add button. | | | | | | |

EFS Web 2.1.17

| | |
|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** ( Not for submission under 37 CFR 1.99) | |

| Application Number | 11851860 |
|---|---|
| Filing Date | 2007-09-07 |
| First Named Inventor | Lederer, Wayne |
| Art Unit | |
| Examiner Name | Curtis Kuntz |
| Attorney Docket Number | 01307.L2 |

### U.S.PATENT APPLICATION PUBLICATIONS

| Examiner Initial* | Cite No | Publication Number | Kind Code[1] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|---|
| | 1 | | | | | |

If you wish to add additional U.S. Published Application citation information please click the Add button.

### FOREIGN PATENT DOCUMENTS

| Examiner Initial* | Cite No | Foreign Document Number[3] | Country Code[2]i | Kind Code[4] | Publication Date | Name of Patentee or Applicant of cited Document | Pages,Columns,Lines where Relevant Passages or Relevant Figures Appear | T[5] |
|---|---|---|---|---|---|---|---|---|
| | 1 | | | | | | | ☐ |

If you wish to add additional Foreign Patent Document citation information please click the Add button

### NON-PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc), date, pages(s), volume-issue number(s), publisher, city and/or country where published. | T[5] |
|---|---|---|---|
| *SW* | 1 | Newmatic Sound Systems Product Description and Pricing Guide for calendar year 2000 | ☐ |
| *SW* | 2 | http://web.archive.org/web/20020603231154/www.newmaticsound.com/headsets/fephs.htm; page from Newmatic Sound Systems on-line catalog for 2001 | ☐ |

If you wish to add additional non-patent literature document citation information please click the Add button

### EXAMINER SIGNATURE

| Examiner Signature | *SW* | Date Considered | 10/15/2010 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609.  Draw line through a citation if not in conformance and not considered.  Include copy of this form with next communication to applicant.

| *Reexamination* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| (barcode) | 90/011,133 | 7609844 |
| | Certificate Date | Certificate Number |
| | | |

| Requester | Correspondence Address: | ☐ Patent Owner | ☒ Third Party |
|---|---|---|---|

STAINBROOK & STAINBROOK,  LLP
412 AVIATION BOULEVARD
SUITE H
SANTA ROSA, CA 95403

| LITIGATION REVIEW ☒ | SLW | 9/10/2010 |
|---|---|---|
| | (examiner initials) | (date) |
| Case Name | | Director Initials |
| 2:10cv271 Lederer v. Newmatic Sound Systems, Inc | | *Eric Pearl* For IY |
| 3:10cv129 Newmatic Sound Systems,, Inc v. Magnacoustics, Inc | | |
| 5:10cv129 Newmatic Sound Systems,, Inc v. Magnacoustics, Inc | | |
| | | |
| | | |

| COPENDING OFFICE PROCEEDINGS | |
|---|---|
| TYPE OF PROCEEDING | NUMBER |
| 1. | |
| 2. | |
| 3. | |
| 4. | |

U.S. Patent and Trademark Office                                      DOC. CODE  RXFILJKT

| *Search Notes* | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| | 90/011,133 | 7609844 |
| | Examiner | Art Unit | |
| | SCOTT L. WEAVER | 3992 | |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES
### (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Reviewed Prosecution File History | 10/15/2010 | SLW |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Part of Paper No.  20101014