UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
WAYNE LEDERER,

                    Plaintiff,

        -against-                          <u>MEMORANDUM AND ORDER</u>
                                           10-CV-0271 (JS)(AKT)
NEWMATIC SOUND SYSTEMS, INC.,

                    Defendant.
------------------------------------X
APPEARANCES:
For Plaintiff:      Edmond R. Bannon, Esq.
                    Fish & Richardson, P.C.
                    Citigroup Center, 52nd floor
                    153 East 53rd Street
                    New York, NY 10022-4611

                    Mark L. Manewitz, Esq.
                    ManewitzLaw
                    360 East 72nd Street, Suite A-1401
                    New York, NY 10021

For Defendants:     Robert B. Golden, Esq.
                    Cathy E. Shore-Sirotin, Esq.
                    Lackenback, Siegel, Marzullo, Aronson &
                    Greenspan, P.C.
                    One Chase Road
                    Scarsdale, NY 10583

                    Craig M. Stainbrook, Esq.
                    Stainbrook & Stainbrook, LLP
                    412 Aviation Blvd., Suite H
                    Santa Rosa, CA 95403


SEYBERT, District Judge:

        Plaintiff Wayne Lederer ("Plaintiff") commenced this

suit against Defendant Newmatic Sound Systems, Inc.

("Defendant"), alleging patent infringement, theft of trade

secrets, breach of contract and unfair competition.  Pending

before the Court is Defendant's motion to stay this proceeding pending the United States Patent and Trademark Office's ("PTO") reexamination of the subject patent. In the event that the Court does not grant its motion to stay, Defendant has also moved to dismiss Plaintiff's Complaint. For the reasons that follow, Defendant's motion to stay is GRANTED. In light of the stay, Defendant's motion to dismiss is DENIED WITH LEAVE TO RENEW once the stay is lifted.

<u>BACKGROUND</u>

Plaintiff owns United States Patent No. 7,609,844 (the "'844 Patent") entitled "Noise Attenuating Headset." (Compl. ¶¶ 5-6.) The '844 Patent was issued on October 27, 2009 and is based on the application Plaintiff filed on September 2, 2007. (<u>Id.</u> ¶ 5.) The application is based on a series of earlier patent applications that Plaintiff filed dating back to October 27, 2003. (<u>Id.</u>)

Defendant is among Plaintiff's competitors in the field of manufacturing sound delivery devices for use with Magnetic Resonance Imaging ("MRI") machines. (<u>Id.</u> ¶ 17.) GE Healthcare Systems ("GE") manufactures MRI machines and sets standards for the sound devices used with its machines. In December 2008, GE notified its vendors that it was implementing more stringent noise attenuation requirements for sound delivery

systems.  (Id. ¶ 16.)

Although GE's new standards were generally viewed as
difficult to satisfy, (id. ¶ 17), Plaintiff was eventually able
to develop a headset that met the new requirements.  (Id. ¶ 9.)
In March 2009, Plaintiff and Defendant agreed to a business
relationship whereby Plaintiff would reveal to Defendant trade
secret--unspecified in Plaintiff's Complaint--and Defendant
would market Plaintiff's new headset.  (Id. ¶ 18.)  Defendant's
president, Elias Husary, agreed on behalf of Defendant to this
deal.  (Id. ¶ 25.)

The parties' business relationship apparently fell
apart not long after it allegedly began, and Defendant
thereafter began selling a headset of its own, which--like
Plaintiff's--satisfied GE's new noise-reduction requirements.
(See id. ¶ 28.)  Plaintiff alleges that Defendant's product, the
Newmatic Coil Headset (item CHS29), infringes his '844 Patent.
(Id. ¶ 10.)

On August 3, 2010, Defendant requested that the PTO
conduct an ex parte reexamination of the '844 Patent.  (Docket
Entry 10, Order Granting Reexamination at 2.)  The PTO granted
Defendant's request on October 25, 2010, finding that a
substantial new question of patentability exists with respect to
eight (8) of the '844 Patent's claims.  Id.

On May 17, 2010, Defendant moved to stay this litigation pending the outcome of the reexamination. Defendant contemporaneously moved to dismiss Plaintiff's Complaint or, in the alternative, for a more definite statement.

DISCUSSION

The Court first addresses Defendant's motion to stay and then briefly discusses Defendant's motion to dismiss.

I. <u>Motion to Stay</u>

Defendant's motion to stay is granted, subject to Defendant's expeditious pursuit of the PTO reexamination.

   A. <u>Factors Relevant to a Stay Pending PTO Reexamination</u>

A district court has the inherent power to stay a litigation pending the PTO's reexamination of a patent. <u>Xerox Corp. v. 3Com Corp.</u>, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999). Whether to grant a stay is within the court's discretion. <u>Aerotel, Ltd. v. IDT Corp.</u>, No. 03-CV-6496, 2003 WL 23100263, at *1 (S.D.N.Y. 2003). In making that determination, courts evaluate three factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) how far the litigation has already progressed." <u>Id.</u> at *1. After considering these factors in the overall context of this case, the Court finds

4

that a stay is warranted.

B. A Stay is Warranted in this Case

The Court finds that two of the three factors weigh in favor of granting a stay, and that, on balance, a stay is appropriate. The stay is conditioned upon Defendant's expeditious pursuit of the reexamination proceeding, including any appeal therefrom. Plaintiff may apply to lift the stay in the event that Defendant does not pursue the proceeding expeditiously. See Sulzer, Inc. v. Black Clawson Co., No. 93-CV-8721, 1995 WL 363440, at *1 (S.D.N.Y. 1995).

1. Prejudice to Plaintiff

The prejudice factor weighs against a stay, but only slightly. Plaintiff principally argues that he will be prejudiced if this case is stayed for the nearly three years, on average, PTO reexaminations take to resolve through the appeals process. (Pl. Opp. at 2.) The reexamination process is indisputably lengthy, and there is nothing to suggest that Plaintiff's three-year estimate is inaccurate. See Gaymar Industr., Inc. v. Cincinnati Sub-Zero Prods., Inc., No. 08-CV-0299, 2009 WL 3162213, at *3 (W.D.N.Y. Sept. 28, 2009); Xerox, 69 F. Supp. 2d at 407 (reexamination process involves a lengthy delay). Nevertheless, delays are inherent in every request for a stay pending a PTO reexamination. See Gaymar, 2009 WL

5

3162213, at *3; _Aerotel_, 2003 WL 23100263 at *2. The issue is whether Plaintiff will be _unduly_ prejudiced, and Plaintiff has offered little to demonstrate prejudice beyond noting the inevitable delay. Plaintiff casts himself as an individual inventor with limited resources who faces "the very real possibility" that he may be driven out of business if this action is stayed. (Pl. Opp. at 5.) These claims, without more, are too speculative to conclude that Plaintiff will suffer an undue burden. _See Gaymar_, 2009 WL 3162213, at *3; _K.G. Motors, Inc. v. Specialized Bicycle Components, Inc._, No. 08-CV-6422T, 2009 WL 3179129, at *3 (W.D.N.Y. July 22, 2009).

Plaintiff's argument that a stay would be unduly prejudicial is undermined somewhat by the PTO's preliminary finding that there exist at least a "substantial new question of patentability" surrounding the '844 Patent. (Docket Entry 10, Order Granting Reexamination at 2.) Plaintiff's right to exclude others from practicing his patent is dependent on the patent's validity, and the PTO's granting reexamination calls that validity into question. _See Gaymar_, 2009 WL 3162213, at *3. Further, the prejudice Plaintiff suffers as a result of Defendant's continued alleged infringement while the case is stayed can be cured by a damages award that compensates Plaintiff for this additional infringement should he ultimately

prevail.  See Perricone v. Unimed Nutritional Svcs., Inc., 2002
WL 31075868, at *3 (D. Conn. 2002).

    2. Simplification of the Issues

    The simplification factor weighs in favor of a stay.
The PTO reexamination will simplify the issues in this case by
focusing discovery, narrowing the issues for trial, and
potentially promoting settlement.  See Sulzer, 1995 WL 363440,
at *1.  The PTO has particular expertise in evaluating
patentability, and its reexamination will help the Court
understand the issues and, should the PTO invalidate some of
Plaintiff's claims, reduce the length and complexity of this
litigation.  Gaymar, 2009 WL 3162213, at *4; Perricone, 2002 WL
31075868, at *2 ("The reexamination procedure will likely inform
the Court's determination of the validity of the [patent].").
Plaintiff argues that a reexamination will complicate rather
than simplify this case because Defendant is not estopped from
re-litigating the results of an ex parte (as opposed to an inter
partes) reexamination in district court, (Pl. Opp. at 6), and
that, instead of invalidating Plaintiff's patent, the
reexamination will likely uphold it, albeit with certain
possible changes (id. at 7).  The Court is not persuaded by
Plaintiff's arguments because regardless of the ex parte nature
of the reexamination and regardless of the PTO's ultimate

conclusion, the Court will still benefit from the PTO's reexamination record when it is time to litigate patentability here.  See Gaymar, 2009 WL 3162213, at *4.  Moreover, should Plaintiff's optimism about the PTO's findings be misplaced, the Court will have wasted substantial resources resolving the patentability issue.  Aerotel, 2003 WL 23100263, at *2.

### 2.  Stage of the Proceedings

The early stage of this proceeding weighs in favor of a stay.    No discovery has yet taken place, and neither a Markman hearing nor a trial has been scheduled.  See Gaymar, 2009 WL 3162213, at *4 (stay appropriate in "infant" stage of case).    Cases are "routinely stayed in the absence of substantial progress toward trial."  Id.  Here, the parties have not made substantial progress toward trial, and there is no risk that their efforts, and the Courts', will have been wasted should the PTO conclude that Plaintiff's patent is invalid.  Cf. Perricone, 2002 WL 31075868, at *3 ("By denying a motion to stay that was filed late in the litigation, the court avoids duplicative efforts because the parties and the court have already completed the work necessary to determine the patent's validity.").

Accordingly, the Court finds that, although Plaintiff will be suffer some prejudice by delaying this action, the

remaining two factors counsel staying this case pending the PTO's reexamination of the '844 Patent.

II.  <u>Motion to Dismiss</u>

        In light of the stay, Defendant's motion to dismiss the Complaint is DENIED WITH LEAVE TO RENEW once the stay is lifted.

CONCLUSION

        The Court recognizes that there are claims in this case other than patent infringement, and the Court is sympathetic to Plaintiff's desire to avoid delaying this case. Nevertheless, on balance, the Court finds that a stay is warranted.  Defendant's motion to stay this proceeding pending the PTO reexamination of the '844 Patent is GRANTED.  The stay is conditioned upon Defendant's expeditious pursuit of the reexamination proceeding, including any appeal.  Plaintiff may apply to lift the stay for good cause, including Defendant's failure to pursue the reexamination expeditiously.

        Defendant's motion to dismiss the Complaint is DENIED WITH LEAVE TO RENEW once the stay is lifted.

                                SO ORDERED.

                                /s/ JOANNA SEYBERT
                                Joanna Seybert, U.S.D.J.

Dated:    January   4  , 2011
          Central Islip, New York